IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

BRANDON QUINN
JEREMIAH IRVING

Criminal No. 21- 23

FILED

JAN 27 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady,

United States Attorney for the Western District of Pennsylvania, and Jerome A. Moschetta,

Assistant United States Attorney for said District, and submits this Indictment Memorandum to

the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named

defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine<br><br>February 2020 to November 23, 2020 | 21 U.S.C. § 846 | BRANDON QUINN JEREMIAH IRVING |

| 2 | Possession with intent to distribute 28 grams or more of cocaine base | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) | BRANDON QUINN |

November 23, 2020

| 3 | Possession with intent to distribute a quantity of cocaine base | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | JEREMIAH IRVING |

November 23, 2020

## II. <u>ELEMENTS OF THE OFFENSES</u>

### A.    As to Count 1:

In order for the crime of conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That two (2) or more persons agreed to distribute and/or possess with the intent to distribute a controlled substance.

2.    That the defendant was a party to or member of that agreement.

3.    That the defendant joined the agreement or conspiracy knowing of its objective to distribute and/or possess with the intent to distribute a controlled substance and intending to join together with at least one (1) other alleged conspirator to achieve those objectives; that is, that the defendant and at least one (1) other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4.    That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

5.     That the amount of cocaine attributable to the defendant as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him was 500 grams or more. 21 U.S.C. § 841(b)(1)(B)(ii).  (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B.     As to Counts 2 and 3:**

In order for the crime of possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), charged in Count 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt.  In order for the crime of possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), charged in Count 3, to be established, the government must prove the first three of the following essential elements beyond a reasonable doubt:

1.     That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.     That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700(9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.     That cocaine base is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4.      That the mixture or substance containing a detectable amount of cocaine base was 28 grams or more.  21 U.S.C. § 841(b)(1)(B)(iii).

Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

**A.      As to Counts 1 and 2:  conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine (21 U.S.C. § 846) and possession with intent to distribute 28 grams or more of cocaine base (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii)):**

1.      A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2.      A fine not to exceed $5,000,000.

3.      A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.      A term of imprisonment of not less than ten (10) years to a maximum of life.

2.      A fine not to exceed $8,000,000.

3.      A term of supervised release of at least eight (8) years.

**B.      As to Count 3:  possession with intent to distribute a quantity of cocaine base (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1.      A term of imprisonment of not more than twenty (20) years.

2.      A fine not to exceed $1,000,000.

3.      A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.   A term of imprisonment of not more than thirty (30) years.

2.   A fine not to exceed $2,000,000.

3.   A term of supervised release of at least six (6) years.

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Jerome A. Moschetta*
JEROME A. MOSCHETTA
Assistant U.S. Attorney
PA ID No. 203965